IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOROTHY RETTINGHOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.  06-CV-169-WDS |
| ) | |
| PRIDE MOBILITY PRODUCTS ) | |
| CORPORATION, MEDIEQUIP, INC., ) | |
| and GRAND MANOR SWANSEA, ) | |
| L.L.C., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is plaintiff's motion to remand (Doc. 14) to which the defendants Pride Mobility, MediEquip and Grand Manor have filed a joint response (Doc. 22). Plaintiff filed her complaint in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, seeking to recover for injuries she allegedly sustained when her 3-wheeled scooter tipped over while she was attempting to negotiate a turn. Defendant, MediEquip, filed its notice of removal on February 27, 2006, asserting this Court's jurisdiction based on diversity. On the same day, Pride Mobility Products entered its consent to removal (Doc. 3). Defendant Grand Manor filed its consent to removal on April 19, 2006, asserting that it was not served with process until March 20, 2006.

The plaintiff seeks remand on the grounds that before removal plaintiff had received leave to file and had filed an amended complaint in the state court adding defendant Grand Manor of Swansea, an Illinois corporation. Plaintiff asserts that the presence of this defeats federal diversity jurisdiction under 28 U.S.C. § 1441, and therefore the case is subject to remand.

Whether subject matter jurisdiction exists at the time of removal is a question answered by looking at the complaint as it existed at the time the petition for removal was filed. *United Farm Bureau Mut. Ins. Co. v. Metro. Human Relations Comm'n,* 24 F.3d 1008, 1014 (7th Cir. 1994) (emphasis added) (citations omitted); *See Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14

(1951) (where the Court held that removal is determined based on the plaintiff's pleadings as they existed at the time of removal).  Looking, therefore at the complaint, as it existed at the time of removal, plaintiff had, in accordance with state court proceedings, filed an amended complaint, and that complaint included a defendant whose presence defeats diversity jurisdiction.

However, the defendants assert that the Court should not consider the presence of Grand Manor because at the time of the removal, Grand Manor was an unserved non-diverse defendant. Defendants assert that the non-diverse defendant was not subject to the Court's jurisdiction at the time of removal, and therefore does not act to defeat the Court's diversity jurisdiction.  *See Nu-Way Sys. of Indianapolis, Inc. v. Blemont Mrktg., Inc.,* 635 F.2d 617, 621 (7th Cir. 1980) (*quoting Cummunity Bldg. Co.v. Maryland Cas. Co.,* 8 F.2d 678, 679 (9th Cir. 1925)) ("defendants over whom the court has not acquired jurisdiction may be disregarded in removal proceedings.").

The Court would be, perhaps, more persuaded by this position had there been any claim that defendant Grand Manor was fraudulently joined, or that plaintiff did not have a viable cause of action against the non-diverse defendant.  That, however, is not the status of this case. Clearly, once an action is *properly* removed from state court to federal court, plaintiff cannot take actions that are designed to intentionally defeat the Court's jurisdiction.  *See Wellness Comty. Nat'l v. Wellness House*, 70 F.3d 46, 50 (7th Cir.1995) (stating that after a defendant removes a case from state to federal court, a plaintiff cannot defeat the federal court's diversity jurisdiction by amending his claim to be an amount less than the required amount in controversy); *Hammond v. Terminal R.R. Ass'n of St. Louis*, 848 F.2d 95, 97 (7th Cir.1988) (finding that if the complaint states a claim that is removable, removal is not defeated by the fact that, after removal, the plaintiff files a new complaint, omitting the federal claim or stating a claim that is not removable).  The Court is not, however, persuaded that this action was properly removed due to the presence of Grand Manor in the properly filed amended complaint.

Moreover, 28 U.S.C. §1447(e) provides that "[i]f after removal the plaintiff seeks to join

2

additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

Given the presence of Grand Manor who was a party to the complaint, albeit unserved, at the time of the removal, the Court must **FIND** that it was without subject matter jurisdiction over this complaint at the time of removal.  Accordingly, the Court **GRANTS** plaintiff's motion to remand for lack of jurisdiction, and this matter is, accordingly, **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois.

**IS SO ORDERED.**

**DATED: March 28, 2007.**

                              s/ WILLIAM D. STIEHL
                                 DISTRICT JUDGE